IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

February 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,       )
                          )
            Appellee,     )          No.  E1999-00384-CCA-R3-CD
                          )
                          )          Sullivan County
v.                        )
                          )          Honorable Phyllis H. Miller, Judge
                          )
WAYNE LEROY EVANS,        )          (Driving under the influence of an intoxicant,
                          )          second offense)
                          )
            Appellant.    )


For the Appellant:                   For the Appellee:

Stephen M. Wallace                   Paul G. Summers
District Public Defender             Attorney General of Tennessee
        and                                  and
William A. Kennedy                   R. Stephen Jobe
Assistant Public Defender            Assistant Attorney General of Tennessee
Post Office Box 839                  425 Fifth Avenue North
Blountville, TN 37617-0839           Nashville, TN 37243
(AT TRIAL)
                                     H. Greeley Wells, Jr.
Julie A. Rice                        District Attorney General
Post Office Box 426                          and
Knoxville, TN 37901-0426             Gregory A. Newman
(ON APPEAL)                          Assistant District Attorney General
                                     Post Office Box 526
                                     Blountville, TN   37617-0526


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge


**O P I N I O N**


        The defendant, Wayne Leroy Evans, appeals as of right from his

conviction by a jury in the Sullivan County Criminal Court for driving under the influence

of an intoxicant (DUI), second offense. He was sentenced to eleven months, twenty-nine days, with one hundred twenty days in the county jail and the remainder to be served on probation. He was given credit for time served and was immediately released on probation. The defendant contends that the evidence is insufficient to support his conviction. We affirm the conviction.

At trial, Nancy Cline testified that on June 19, 1997, she was riding as a passenger in a friend's car on John B. Dennis Highway when she noticed a van driving in the opposite direction. She said she saw the van hit a bridge, bounce, hit the bridge again, then travel across the median and hit a guard rail. She said she looked into the van and saw the defendant with blood on his head. She said the rescue squad and police arrived a short time later.

Kingsport Police Officer Nelson Quillen testified that he arrived at the scene around 9:00 p.m. He said the defendant had already been taken to Holston Valley Hospital. He said the sky was clear that day and the asphalt was dry. Officer Quillen said he went to the hospital and requested that blood be drawn from the defendant. He said the defendant was unconscious and smelled strongly of alcohol.

Dr. Kenneth Ferslew, a professor of Pharmacology and Toxicology at the James H. Quillen College of Medicine at East Tennessee State University, testified that he reviewed the defendant's toxicology report from Holston Valley Hospital. He said the defendant's plasma alcohol level was tested and revealed a level of .24 percent. He said a plasma alcohol level of .24 percent equals a blood alcohol level of .19 percent. He said the defendant's urine drug screen tested positive for opiates and benzodiazepines.

Rita Lockhart testified that she is the defendant's ex-wife but that she and the defendant were married at the time of the offense. She said the defendant was home intermittently during the day of June 19. She said that she did not see the defendant consume alcohol that day and that the defendant exhibited no signs of intoxication. She said that the defendant's van was in poor condition and that the wheels had come off a few weeks earlier.

2

Greg Alvis, the defendant's neighbor, testified that on June 19, he saw the defendant at 9:00 a.m., 2:00 p.m., and 8:30 p.m. He said the defendant never appeared intoxicated. He said that around 8:30 p.m., he was in his yard when he saw the defendant walk to his mailbox. Mr. Alvis said that although he was thirty feet from the defendant and could not smell his breath, the defendant did not appear to be intoxicated.

The defendant testified that he did not remember much about the day of the incident other than that he did not drink alcohol that day. He said the left rear wheel of his van had come off previously, causing brake fluid to spill on the brake shoes. He said that he washed the brake shoes but that the van "grabbed" a few times after that. He said he thought this might be what caused the wreck. He said he did not know why he had a blood alcohol level of .19 percent but that it might be from cough syrup, mouth wash or eye drops.

Rose Parmer testified that she was working as a nurse at the Holston Valley Hospital emergency room when the defendant was admitted. She said that before she draws blood, she uses alcohol to clean the skin. She said that when a "legal blood" analysis is requested, however, the blood is drawn by laboratory technicians who use betadine to clean the skin. Ms. Parmer stated that she did not know whether she or a laboratory technician drew the defendant's blood but noted that she did not draw "legal blood."

Robert Spiegle testified that he is a chemist who owns an analytical laboratory. He said that one should never use alcohol to cleanse the skin before performing a blood alcohol test. Upon the foregoing proof, the jury convicted the defendant of DUI.

The defendant contends that the evidence is insufficient to establish that he was under the influence of an intoxicant. He argues that (1) the blood alcohol sample is unreliable because the defendant's skin may have been cleansed with alcohol before the test was administered, (2) the state did not show the reliability of the testing procedures used to determine the defendant's blood alcohol level, and (3) the

3

"physical" indicators of intoxication were insufficient. The state contends that the evidence is sufficient to support the conviction.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

It is unlawful for any person to drive a motor vehicle on the public roads and highways of the state while under the influence of an intoxicant or narcotic drug. Tenn. Code Ann. § 55-10-401(a)(1). The evidence shows that the defendant had a blood alcohol level of .19 percent, tested positive for opiates and benzodiazepines, smelled of alcohol, and was incoherent after the accident. The defendant argues that the blood alcohol results are unreliable because of potential contamination; however he makes no showing that any contamination actually occurred. His contention that his skin may have been cleansed with alcohol before testing is unsupported by the evidence. Officer Quillen testified that he requested a "legal blood" test, and Ms. Parmer testified that although she could not remember who drew the defendant's blood, she does not draw blood for "legal blood" tests.

The defendant contends that the state failed to prove that the testing procedures were reliable. He argues that the state called no witnesses regarding the drawing and subsequent testing of the blood. However, the record shows that the defendant stipulated to the admissibility of his hospital records, which included the results of his blood test. The defendant's arguments regarding the reliability of the testing procedures go to the weight and value of the evidence, a determination not for this court but for the jury. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim.

4

App. 1987).  The same is true for the defendant's argument that the other indicators of intoxication, i.e., Officer Quillen's testimony that the defendant smelled of alcohol and Ms. Parmer's testimony that the defendant was incoherent, are insufficient to show intoxication.  We hold that the evidence is sufficient to support the conviction.

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge


_____
Norma McGee Ogle,  Judge